# MANDATE

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

*UNITED STATES COURT OF APPEALS*
*FILED*
*JUN 0 5 2006*
*Roseann B. MacKechnie, CLERK*
*SECOND CIRCUIT*

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY
TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE
ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT
STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR
PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of
Appeals for the Second Circuit, held at the Thurgood
Marshall United States Courthouse, Foley Square, in the
City of New York, on the  0 5 th  day of  JUN  , two
thousand six.

PRESENT: HON. DENNIS JACOBS,
         HON. BARRINGTON D. PARKER,
                  Circuit Judges,
         HON. LORETTA A. PRESKA,
                  District Judge.*


- - - - - - - - - - - - - - - - - - - -X
BENISTAR EMPLOYER SERVICE TRUST
CO., BENISTAR LTD. BENISTAR CLIENT
SERVICES, INC., BENISTAR ADMIN
SERVICES, INC., BENISTAR 419 PLAN
SERVICES, INC., BENISTAR 419 PLAN
AND TRUST, STEP PLAN SERVICES,
INC., STEP PLAN & TRUST,

         Petitioner-Appellant,

         -v.-                                    05-5679

_____

     *The Honorable Loretta A. Preska, United States
District Court for the Southern District of New York,
sitting by designation.

ISSUED AS MANDATE:
      6/12/06            D. B.

1   UNITED STATES OF AMERICA,

2            Respondent-Appellee.
3   - - - - - - - - - - - - - - - - - - -X

4   APPEARING FOR PETITIONERS:   John T. Morin, Ira B. Stechel,
5                                Jennifer L. Marlborough,
6                                Wormser, Kiely, Galef & Jacobs
7                                LLP, New York, New York

8                                Ira B. Silverstein, Thorp Reed
9                                & Armstrong, LLP, Of Counsel,
10                               Philadelphia, Pennsylvania
11
12  APPEARING FOR RESPONDENT:    Eileen J. O'Connor, Assistant
13                               Attorney General; Richard T.
14                               Morrison, Deputy Assistant
15                               Attorney General; Frank P.
16                               Cihlar, John A. Dudeck, Jr.;
17                               (Kevin J. O'Connor, United
18                               States Attorney, on the
19                               brief), Washington, D.C.

20       Appeal from the United States District Court for the
21  District of Connecticut (Arterton, J.).

22       UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,
23  ADJUDGED AND DECREED that the judgment of said District
24  Court be and it hereby is AFFIRMED and that the motion to
25  supplement the record is DENIED.

26       Petitioners-Appellants Benistar Ltd. and related
27  entities (collectively "Benistar") appeal from the August
28  19, 2005 order of the United States District Court for
29  the District of Connecticut (Arterton, J.) denying
30  Benistar's petition to quash, and granting enforcement
31  of, a third-party administrative summons issued by the
32  Internal Revenue Service ("IRS") on December 10, 2004 to
33  Hartford Life Insurance Company ("Hartford Life").  The
34  IRS issued the summons under Section 7602 of the Internal
35  Revenue Code (the "Code"), 26 U.S.C. § 7602, as part of
36  an ongoing investigation into the tax liability of
37  Benistar for potentially having promoted abusive tax
38  shelters, in violation of Section 6700 of the Code.  26
39  U.S.C. § 6700.  The summons directs Hartford Life to
40  produce various books and records and to appear to give

2

1   testimony on matters related to the investigation.
2   Benistar primarily objects to the requirement that
3   Hartford Life disclose Benistar's client list.
4   Familiarity is assumed as to the facts, procedural
5   context, and issues specified for review.

6       The district court correctly held that Benistar is
7   precluded from raising challenges to the summons, as the
8   arguments were raised, considered, and rejected in
9   proceedings before the Southern District of New York, <u>see</u>
10  <u>Benistar 419 Plan Services, Inc. v. United States</u>, No.
11  04-CV-4308 (S.D.N.Y. October 26, 2004), <u>affirmed</u>, 144
12  Fed. Appx. 902, 2005 WL 1978484 (2d Cir. Aug. 11, 2005),
13  and in the Eastern District of Pennsylvania, <u>see</u> <u>Benistar</u>
14  <u>419 Plan Services, Inc. v. United States</u>, No. 04-CV-2494
15  (E.D. Pa. Dec. 22, 2004).  <u>Central Hudson Gas & Elec.</u>
16  <u>Corp. v. Empresa Naviera Santa S.A.</u>, 56 F.3d 359, 368 (2d
17  Cir. 1995) (explaining that the doctrine of issue
18  preclusion, also called collateral estoppel, "bars the
19  relitigation of issues actually litigated and decided in
20  [a] prior proceeding, as long as that determination was
21  essential to that judgment").  Those courts specifically
22  rejected Benistar's arguments that (1) since the
23  government sought the names of unidentified taxpayers,
24  the government was required to follow "John Doe" summons
25  procedures; (2) the government failed to establish a
26  <u>prima</u> <u>facie</u> case for enforcement of the summons under
27  <u>United States v. Powell</u>, 379 U.S. 48 (1964); and (3) the
28  summonses were abusive.

29      Benistar raises three arguments against preclusion.

30      First, Benistar argues that Hartford Life (unlike the
31  entities subpoenaed in the other cases) is not a "third-
32  party recordkeeper," but Benistar fails to explain why
33  that matters.[2]

---

[2]Prior to July 22, 1998, whether a summons was served
on a "third-party recordkeeper" or not was critical, as,
under Section 7609, a taxpayer only had the right to seek to
quash a third-party summons if it was served on a third-
party recordkeeper.  The IRS Restructuring and Reform Act of
1998, Pub. L. No. 105-206, 112 Stat. 685, however, expanded
the kinds of summonses that a taxpayer could seek to quash.
Now, whether a third-party is a recordkeeper does not
determine whether a summons may be issued or whether it may

Second, Benistar argues that the summonsed information is irrelevant to the IRS investigation of potential abuses by Benistar.  Specifically, the summons to Hartford Life requests documents on two welfare benefits plans--the Benistar 419 Plan and the STEP Plan. (The summonses in the other cases apparently only involved the Benistar 419 Plan.)  Benistar contends that it never organized or sold the STEP Plan, and that Hartford Life sold its 419 Plan prior to 2003, when the regulations concerning Section 419A(f)(6)'s carve-out exception were adopted.

With respect to the STEP Plan, Benistar acquired the plan in 2002.  Although Benistar did not sell the STEP Plan originally, there is a genuine factual dispute as to whether Benistar ever promoted the Plan, and there is evidence that Benistar may have promoted other abusive tax schemes to the STEP plan customers.  The IRS is entitled to investigate Benistar's potential liability for any illegality in the STEP Plan.  See PAA Mgmt. Ltd. v. United States, 962 F.2d 212, 216 (2 Cir.1992) ("In view of the Code's broad delegation of summons authority to the IRS, the requirements that a summons have a legitimate purpose and relevance have been interpreted liberally in favor of the IRS.").  With respect to the Hartford Life policies under the 419 Plan, Benistar erroneously argues that there could be no intended violation of the Code with respect to welfare benefit plans prior to the issuance of Regulations in 2003, see 26 C.F.R. § 1.419A(f)(6)-1(c), as prior to that issuance, one could not know whether a plan met the carve out exception's criteria.  The Tax Court's decision in Booth v. Commissioner, 108 T.C. 524 (1997)--a case cited by Benistar--is contrary:  The IRS was prosecuting plans prior to the adoption of Regulations, and the fact that Regulations were eventually adopted to clarify the IRS's position does not mean that there could be no violation of the Code prior to the clarification.

Third, Benistar suggests--in a single sentence--that issue preclusion is inappropriate because the parties here are different from those involved in the Southern

------

be quashed, but only determines the appropriate procedures for serving the summons.  (For example, a third-party recordkeeper may be served by certified or registered mail.)

2e029a3d2b41cfcd

District of New York and Eastern District of Pennsylvania
actions.  Benistar does not, however, articulate how the
(related) parties differ or differ in interest, and the
parties have been represented by the same counsel in all
of the litigations.  To the extent the parties differ, we
therefore assume that they are still in privity such that
issue preclusion is applicable.

As part of its appeal, Benistar seeks to supplement
the record to include a letter from the IRS stating that
the Benistar 419 Plans are "reportable transactions"
under Section 6112 of the Code and demanding the names of
the plan participants.  The letter was not before the
district court.  Benistar argues that the letter
establishes that the IRS has already concluded that the
Benistar 419 Plans are abusive tax shelters and thus that
the IRS does not need the information sought in the
summons.  That a transaction is reportable under Section
6112 does not, however, mean that it is necessarily
abusive.  Moreover, the IRS is entitled to investigate
what Benistar told its clients and the amounts of
deductions its clients took so that the IRS can assess
Benistar's full penalty (if any).  Accordingly, we deny
the motion to supplement the record.

For the reasons set forth above, the judgment of the
district court is **AFFIRMED** and the motion to supplement
the record is **DENIED**.  The mandate shall issue forthwith.

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK
By:

_Lucille Carr_

Lucille Carr, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _____

DEPUTY CLERK

5